# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | |
|---|---|
| NATHAN A. GARY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:25-CV-00219 SPM |
| GABRIEL YODER, et al., | ) ) ) |
| Defendants. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented Plaintiff Nathan Gary for leave to proceed in this action without prepaying fees or costs. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court has determined that Plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court has conducted the required review of the complaint and will stay this case based on the principles espoused in *Wallace v. Kato*, 549 U.S. 384 (2007).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require Plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Standard**

This Court is required to review in forma pauperis and prisoner complaints, and must dismiss them if, among other reasons, they are frivolous or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This Court must liberally construe a layperson's complaint, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but even laypersons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

**Background Facts**

On August 5, 2025, a federal grand jury in the United States District Court for the Eastern District of Missouri returned a six-count indictment against co-defendants Nathan Gary and Kirsyn Phillips. *See U.S. v. Gary, et al.,* No. 1:25-CV-119 SNLJ (E.D.Mo.). Plaintiff was

charged with four counts in the indictment, including two counts of felon in possession of a firearm and two counts of possession of a firearm while subject to a domestic violence protective order. *Id.* At the time, Plaintiff was in state custody in Cape Girardeau County being held on a $15,000 cash bond in *State v. Gary*, No. 25CG-CR01021-01 (32nd Jud. Cir., Cape Girardeau County), where he was awaiting trial on charges for felony domestic assault and unlawful possession of a firearm.[1] After arraignment on August 13, 2025, Plaintiff was returned to Cape Girardeau Custody via a *writ of prosequendum*.

In addition to his current federal court criminal case, and the state criminal case mentioned above, Plaintiff has two additional pending criminal cases in Cape Girardeau County. The first case appears to relate to the factual matters in the instant complaint. On July 31, 2024, Plaintiff was charged by criminal complaint with unlawful possession of a firearm and felony resisting arrest. *See State v. Gary*, No. 24CG-CR01430-01 (32nd Jud. Cir., Cape Girardeau County). According to the probable cause statement filed in the state court case, Plaintiff was arrested by Cape Girardeau Sheriff's Deputy Gabriel Yoder and Cape Girardeau Police Officer Micheal Spies after a traffic stop that occurred on July 30, 2024. This case is currently set for trial on April 13, 2026.

The second Cape Girardeau County case does not relate to the instant action. On January 28, 2023, Plaintiff was charged with felony stealing in *State v. Gary*, No. 23CG-CR00150-01. He pled guilty on June 12, 2023, and received a suspended imposition of sentence (SIS) and was placed on five years' probation. However, on September 11, 2023, Plaintiff's probation was revoked, and he was sentenced to four years of incarceration with a suspended execution of

---

[1]The state charges in Case No. 25CG-CR01021-01 appear to arise from the same or similar circumstances as those in the original indictment in *U.S. v. Gary, et al.,* No. 1:25-CV-119 SNLJ (E.D.Mo.). The Cape Girardeau County case is currently set for trial on April 13, 2026.

3

sentence (SES) and then released to a new term of probation. On September 11, 2024, Plaintiff's probation was suspended, and a warrant was issued. On October 9, 2024, Plaintiff was released on a $25,000 surety bond. However, while under supervision, he again incurred violations, and he failed to report as directed. He is currently awaiting a probation revocation hearing in this case.

On January 21, 2026, a superseding information was filed in his federal court criminal case, *U.S. v. Gary, et al.,* No. 1:25-CV-119 SNLJ (E.D.Mo.), charging Plaintiff with receipt of a firearm by a person under indictment. On that same date, Plaintiff entered a guilty plea agreement in the case. In his guilty plea agreement Plaintiff agrees to certain facts that could be proved if the parties were to go to trial:

> On July 30, 2024, defendant Nathan A. Gary was arrested and charged with the felony offense of unlawful possession of a firearm in the Circuit Court of Cape Girardeau County, Missouri, in Case Number 24CG-CR1430-01. This crime is punishable by a term of imprisonment exceeding one year. On September 30, 2024, Gary posted bond and was released from custody.
>
> On June 5, 2025, law enforcement officers executed a search warrant at Gary's residence in Cape Girardeau. Co-defendant Kirsyn Phillips was present at the time, and she was detained after attempting to conceal two AR-style rifles in a bedroom closet. One of the rifles was identified as a Palmetto State Armory, PA-15, .300 Blackout. Officers also found a receipt from Shooter's Gun Shop showing that a quantity of ammunition was purchased on May 23, 2025.
>
> Officers obtained surveillance footage from Shooter's Gun Shop, which showed Gary and Phillips entering the store on May 23, 2025. Gary was holding the Blackout rifle at the time, and the footage captured him looking at accessories for the rifle. Gary proceeded to purchase ammunition before leaving the store with Phillips.
>
> As part of the investigation, officers conducted a trace of the Blackout rifle and discovered that it was purchased at Dash Pawn in Scott City on May 23, 2025. Records from the pawn shop confirmed that Phillips purchased the Blackout rifle on that date. During an interview with Phillips, she confirmed that she accompanied Gary to Dash Pawn on May 23, 2025, so that she could purchase the Blackout rifle for him. Phillips further admitted that Gary took possession of the Blackout rifle after they left the pawn shop. At that time, the felony charge in the

4

Circuit Court of Cape Girardeau County (Case Number 24CG-CR1430-01) was still pending against him.

## The Complaint

In the instant action, Plaintiff sues Cape Girardeau County Sheriff Deputy Gabriel Yoder and Cape Girardeau Police Officer Michael Spies in both their individual and official capacities. Plaintiff claims the law enforcement officer Defendants acted to violate his constitutional rights during a traffic stop on July 30, 2024, and his claims arise from the same facts as his pending criminal case in *State v. Gary,* No. 24CG-CR01430-01 (32nd Jud. Cir., Cape Girardeau County) in which Plaintiff was charged with unlawful possession of a firearm and felony resisting arrest.[2] Condensed and summarized, Plaintiff claims the Defendants unlawfully arrested and detained him and used excessive force against him. Plaintiff appears to seek monetary relief for "pain and suffering."

## Discussion

Plaintiff's false arrest and false imprisonment claims are based on the same facts that led to his arrest and prosecution in *State v. Gary*, No. 24CG-CR01430-01 (32nd Jud. Cir., Cape Girardeau County), and relate to rulings that will likely be made in Plaintiff's upcoming state criminal trial. The Supreme Court has instructed that "[i]f a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace,* 549 U.S. at 393-94 (citation omitted).  Otherwise, the court and the parties are left to speculate about whether the prosecution "will result in conviction, and

---

[2]Plaintiff's claims also appear to relate to his recent guilty plea in his federal criminal case in *U.S. v. Gary, et al.,* No. 1:25-CV-119 SNLJ (E.D.Mo.).

5

whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id*. at 393 (citation omitted).

The Court recognizes that Plaintiff's excessive force claims do not necessarily need to be stayed under *Wallace*, however, this Court has discretion to enter a stay until a final ruling has been made on the facts and circumstances surrounding Plaintiff's arrest on July 30, 2024. Given that Plaintiff has been charged with felony resisting arrest, and he insists he was instead treated with excessive force during his arrest, there will no doubt be factual determinations made at trial as to what occurred during the arrest. Thus, staying the case furthers the doctrines of comity and federalism. *See Cedar Rapids Cellular Telephone, L.P. v. Miller*, 280 F.3d 874, 881 (8th Cir. 2002) (holding that a federal court should abstain from exercising jurisdiction over a civil claim that would interfere with a pending state court action because federal courts should endeavor to protect federal rights in ways that do not unduly interfere with the legitimate activities of the states (quoting *Younger v. Harris*, 401 U.S. 37, 44 (1971)). Further, by entering a stay under such circumstances, this Court avoids prematurely ruling on the validity of parallel prosecutions without all pertinent information. *See Ross v. Nehoff*, No. 4:21-CV-159 SEP, 2021 WL 3885575, at *3 (E.D. Mo. Aug. 31, 2021) (noting that courts would be forced to speculate about the result of a prosecution and the strength of the state's evidence if they do not enter a stay) (citing *Wallace*, 549 U.S. at 393); *Vonneedo v. Dennis*, No. 1:17-CV-183 NAB, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (same).

Given the aforementioned, this Court finds that the principles of *Wallace v. Kato* dictate that this case should be stayed until the final disposition of Plaintiff's Missouri State criminal case in *State v. Gary,* No. 24CG-CR01430-01 (32nd Jud. Cir., Cape Girardeau County. Plaintiff may move to reopen this case after final disposition of his proceedings.

6

**Motion for Appointment of Counsel**

Plaintiff has filed a motion for appointment of counsel. [ECF No. 3]. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to

"Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **STAYED** pursuant to *Wallace v. Kato*, 549 U.S. 384 (2007).

**IT IS FURTHER ORDERED** that the Clerk shall **ADMINISTRATIVELY CLOSE** this case.

**IT IS FURTHER ORDERED** that Plaintiff may move to reopen the current case after final disposition of *State v. Gary,* No. 24CG-CR01430-01 (32nd Jud. Cir., Cape Girardeau County).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED without prejudice at this time.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend his complaint by interlineation to add his claim for damages [ECF No. 4] is **GRANTED.**

Dated this 23rd day of January, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

8